Natalie Panossian-Bassler, Esq. (SBN 210184)
P.O. Box 589
Moorpark, CA 93021
Phone: 805-217-2465

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| NATALIE PANOSSIAN-BASSLER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN SAX, an individual; DEBORAH SAX, an individual; LAUREN BOYD, an individual; SCOTT LIVINGSTON, an individual; STEVE SAX FAMILY FOUNDATION formerly known as the CAPTAIN JOHN J. SAX FAMILY FOUNDATION formerly known as the CAPTAIN JOHN J. SAX FOUNDATION; TRAVIS THOMPSON, an individual; FENNEMORE CRAIG, P.C., a professional corporation; HARMEET CHANA, an individual; CHANA LAW FIRM, a corporation, and DOES 1 – 50, inclusive, <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT** |

## NOTICE OF REMOVAL OF STATE COURT ACTION TO
## UNITED STATES DISTRICT COURT

TO: THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

PLEASE TAKE NOTICE that Natalie Panossian-Bassler, Esq., Defendant in the underlying

State Court action, has removed to the United State District Court for the Central District of

California – Los Angeles, all claims and causes of action in the civil action styled *Captain John J.*

*Sax Family Foundation v. Natalie Aghacni Panossian-Bassler* (S-CV-0056116) (the "State Court Action") now pending in the Superior Court for the State of California, Placer County pursuant to 28 U.S.C. Sec. 1446. A copy of the initial pleading and order served upon Natalie Panossian-Bassler is attached hereto as Exhibit A. The action in the State Court matter involves the common nucleus of operative facts of the action filed by Plaintiff Natalie Panossian-Bassler in this Court.

Natalie Panossian-Bassler's grounds for removal are as follows:

**1.  This Court Action is Founded on a Claim or Right Arising under the Laws of the United States.**

**A.  42 USC Sec. 1981.** The State Court Action is removable to this Court pursuant to 26 U.S.C. Sec. 1441(a) as Plaintiff Natalie Panossian-Bassler's cause of action, and any defenses against the named Defendants in the state action, is a federal question arising under the laws of the United States, specifically the Whistleblower Protection Act and Civil RICO claims pursuant to 18 U.S.C. Sec. 1962. Plaintiff asserts that during the course of her involvement with Defendant Captain John J. Sax Family Foundation, now known as the Steve Sax Family Foundation ("Foundation"), the Foundation and its past and present Board Members engaged in felony embezzlement to which conduct Plaintiff Natalie Panossian-Bassler is a Whistleblower and asserts the causes of action, including but not limited to, Civil RICO violations, fraud/intentional misrepresentation, negligent misrepresentation, breach of fiduciary duty, breach of charitable duty (charitable solicitation), breach of charitable trust, negligence, defamation, intentional infliction of emotional distress, unfair competition, false advertising, breach of contract, quantum meruit/unjust enrichment, accounting, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, declaratory relief, and violation of the Whistleblower Protection Act. Plaintiff does not allege any other federal or state law claims. Accordingly, this matter presents a federal question and removal is appropriate under 28 U.S.C. Sec. 1441(a).

**B.  18 U.S.C. Sec. 1962(c) and (d).** In addition, the facts alleged by Plaintiff Natalie Panossian-Bassler and defenses in the underlying state court action are that Plaintiff is a

Whistleblower of Defendant Steve Sax Family Foundation, Stephen Sax, Deborah Sax, Lauren Boyd and Scott Livingston's conduct of felony embezzlement arising in the violation Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.SC. Sec. 1962, et seq. within the past four (4) years of the Foundation's operation. RICO claims are within the exclusive federal question jurisdiction of the United States courts. As such, the State Court Action is removable to this Court pursuant to 28 U.S.C. Sec. 1441(a).

**2. This Notice of Removal has Been Properly Served.**

a. This Court has personal jurisdiction over the parties.

b. Plaintiff in the instant action is the only named Defendant in the underlying state action. All requirements for removal are met. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 (9th Cir. 1988). Plaintiff raises a federal question in the instant action and in her defense as the named defendant in the underlying state court action.

c. Plaintiff in this action and as the named Defendant in the underlying state court action has provided written notice of this Notice to counsel or record for Plaintiff in the underlying state court action. A true and correct copy of this Notice will be filed in the State Court Action.

Dated: March 11, 2026

By: _____

Natalie Panossian-Bassler, Esq.

Plaintiff, In Pro Per

# EXHIBIT A

### (STATE COURT PLEADINGS)



**WV-109**    Notice of Court Hearing

Clerk stamps date here when form is filed.
**FILED**
Superior Court of California,
County of Placer.
SEP 23 2025
JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Baldock, Deputy

① Petitioner (Employer or Collective Bargaining Representative)

a. Name:
Captain John J. Sax Family Foundation
Lawyer for Petitioner (if any for this case):
Name: Travis W. Thompson        State Bar No.: 309106
Firm Name: FENNEMORE LLP

b. Address (If you have a lawyer, give your lawyer's information.):
Address: 2185 N. California Blvd., Suite 240
City: Walnut Creek        State: CA Zip: 94596
Telephone: (510) 834-6600        Fax: (510) 834-1928
Email Address: tthompson@fennemorelaw.com

Fill in court name and street address:
Superior Court of California, County of
Placer
10820 Justice Center Drive.
Roseville, CA 95678

Fill in case number:
Case Number:
S-CV-0 0 5 6 1 7 6

② Employee Who Petitioner Asserts Suffered Harassment, Violence, or Threat of Violence
Full Name: Stephen Louis Sax

③ Respondent (Person From Whom Protection Is Sought)
Full Name: Natalie Aghavni Panossian-Bassler

*The court will complete the rest of this form.*

④ Notice of Hearing
A court hearing is scheduled on the request for restraining orders against the respondent:

| Hearing Date: | Date: 10/10/2025 Time: 1:00pm Dept: 42 Room: | Name and address of court if different than above: SUPERIOR COURT OF CALIFORNIA COUNTY OF PLACER 101 Maple St. Auburn, Ca 95603 |

To the person in ③:
• If you attend the hearing (in person, by phone, or by videoconference) and the judge grants a restraining order against you, the order will be effective immediately, and you could be arrested if you violate the order.

• If you do not attend the hearing, the judge may still grant the restraining order that could last up to five years. After you receive a copy of the order, you could be arrested if you violate the order.

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2025, Mandatory Form
Code of Civil Procedure § 527.8
Approved by DOJ

**Notice of Court Hearing**
**(Workplace Violence Prevention)**

WV-109, Page 3 of 3
→

BY FAX

Case Number: SCV 0056116

**5 Temporary Restraining Orders** *(Any orders granted are on form WV-110, served with this notice.)*

a. Temporary Restraining Orders for personal conduct and stay-away orders as requested in form WV-100, *Request for Workplace Violence Restraining Orders* are *(check only one box below)*:

  (1) ☒ All **GRANTED** until the court hearing.

  (2) ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

  (3) ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

b. Reasons that Temporary Restraining Orders as requested in form WV-100, *Petition for Workplace Violence Restraining Orders*, for personal conduct or stay-away are denied are:

  (1) ☒ The facts as stated in form WV-100 do not sufficiently show reasonable proof that the employee has suffered harassment, unlawful violence, or a credible threat of violence by the respondent, and that great or irreparable harm to the employee would result if a temporary restraining order is not issued.

  (2) ☐ Other *(specify)*: ☐ As stated in Attachment 5b.

**6 Service of Documents by the Petitioner**

At least ☒ five ☐ _____ days before the hearing, someone age 18 or older—not you or anyone to be protected—must personally give (serve) a court file-stamped copy of this form WV-109, *Notice of Court Hearing*, to the respondent along with a copy of all the forms indicated below.

a. WV-100, *Petition for Workplace Violence Restraining Orders* (file-stamped)

b. ☒ WV-110, *Temporary Restraining Order* (file-stamped) IF GRANTED

c. WV-120, *Response to Petition for Workplace Violence Restraining Orders* (blank form)

d. WV-120-INFO, *How Can I Respond to a Petition for Workplace Violence Restraining Orders?*

e. ☐ Other *(specify)*:

Date:  SEP 2 3 2025

*Judicial Officer* Michael Jacques

Case Number: S-CV- 0 0 5 6 1 1 6

**To the Petitioner:**

- The court cannot make the restraining orders after the court hearing unless the respondent has been personally given (served) a copy of your request and any temporary orders. To show that the respondent has been served, the person who served the forms must fill out a proof of service form. Form WV-200, *Proof of Personal Service*, may be used.

- You may ask to reschedule the hearing if you are unable to find the respondent and need more time to serve the documents, or for other good reasons. Read form WV-115-INFO, *How to Ask for a New Hearing Date*.

- For information about service, read form WV-200-INFO, *What Is "Proof of Personal Service"?*

- You must attend the hearing if you want the judge to make any of the orders you requested on form WV-100, *Petition for Workplace Violence Restraining Orders*. Bring any evidence or witnesses you have. For more information, read form WV-100-INFO, *How Do I Get an Order to Prohibit Workplace Violence?*

**To the Respondent:**

- If you want to respond to the request for orders in writing, file form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and have someone age 18 or older—not you or anyone to be protected—mail it to the petitioner.

- The person who mailed the form must fill out a proof of service form. Form WV-250, *Proof of Service of Response by Mail*, may be used. File the completed form with the court before the hearing and bring a copy with you to the court hearing.

- Whether or not you respond in writing, go to the hearing if you want the judge to hear from you before making an order. You may tell the judge why you agree or disagree with the orders requested.

- You may bring witnesses and other evidence.

- At the hearing, the judge may make restraining orders against you that could last up to three years and may order you to turn in to law enforcement, or sell to or store with a licensed gun dealer, any firearms (guns) and firearm parts that you own or possess. This includes firearm receivers and frames, and any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531). If an order is granted, you will also be prohibited from owning, possessing, or buying body armor and will have to relinquish any body armor you have.

- If you are unable to attend your court hearing or need more time to prepare your case, you may ask to reschedule your court date. Read form WV-115-INFO, *How to Ask for a New Hearing Date*.

 **Request for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office or go to www.courts.ca.gov/forms for *Disability Accommodation Request* (form MC-410). (Civ. Code, §54.8.)

*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this *Notice of Court Hearing* is a true and correct copy of the original on file in the court.

Date:  SEP 2 4 2025    Clerk, by _____ Deputy.

C. BALDOCK

Rev. January 1, 2008

**Notice of Court Hearing**
(Workplace Violence Prevention)

WV-109, Page 3 of 3

**WV-110**    Temporary Restraining Order

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Placer

SEP 23 2025

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Baldock, Deputy

(1) **Petitioner (Employer or Collective Bargaining Representative):**

a. Name: Captain John J. Sax Family Foundation

Lawyer for Petitioner (if any, for this case):

Name: Travis W. Thompson          State Bar No.: 309106

Firm Name: FENNEMORE LLP

b. Your Address (if you have a lawyer, give your lawyer's information.):

Address: 2185 N. California Blvd., Suite 240

City: Walnut Creek          State: CA Zip: 94596

Telephone: (510) 834-6600          Fax: (510) 834-1928

Email Address: tthompson@fennemorelaw.com

Fill in court name and street address:

Superior Court of California, County of
Placer
10820 Justice Center Drive,
Roseville, CA 95678

(2) **Protected Person or Persons**

Full Name: Stephen Louis Sax

Full Name: Deborah Ann Sax

Full Name: Scott Matthew Livingston

Full Name:

☐ Additional protected persons are listed at the end of this Order on Attachment 2.

Court fills in case number when form is filed.

Case Number:
S-CV-0056116

(3) **Respondent (Restrained Person)**

(Give all the information you know. Information with a star (*) is required to add this order to the California police database. If age is unknown, give an estimate.)

*Full Name: Natalie Aghavni Panossian-Bassler          *Age: 50          *Date of Birth: February 1975

*Race: Armenian          Height: 5'7"          Weight: 155          Hair Color: Brown          Eye Color: Brown

*Gender: ☐ M ☒ F          ☐ Nonbinary Home Address: 4391 Clearwood Road

City: Moorpark          State: CA          Zip: 93021

Relationship to Protected Person: Former volunteer for the Captain John J. Sax Family Foundation

(4) **Expiration Date**

This Order expires at the end of the hearing scheduled for the date and time below:

Date: 10/10/2025          Time: 1:00 pm          ☐ a.m. ☒ p.m.

Dpt. 2

COPOE 9/24/25 @ 10:35 am    **This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2023, Mandatory Form
Code of Civil Procedure, §§ 527.8 and 527.3
Approved by DOJ

Temporary Restraining Order (CLETS-TWH)
(Workplace Violence Prevention)          WV-110, Page 1 of 6

BY FAX

Case Number: S-CV-0056116

**To the Respondent:**

The court has issued the temporary orders checked as granted below. If you do not obey these orders, you can be arrested and charged with a crime. You may have to go to jail for up to one year, pay a fine of up to $1,000, or both.

**5 Personal Conduct Orders:**

☐ Not Requested.    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. You are ordered not to do the following things to the protected person or persons listed in ②

(1) ☒ Harass, molest, strike, assault (sexually or otherwise), batter, abuse, destroy personal property of, or disturb the peace of the person.

(2) ☒ Commit acts of violence or make threats of violence against the person.

(3) ☐ Follow or stalk the person during work hours or to or from the place of work.

(4) ☐ Contact the person, either directly or indirectly, in any way, including, but not limited to, in person, by telephone, in writing, by public or private mail, by email, by fax, or by other electronic means.

(5) ☒ Enter the workplace of the person.

(6) ☐ Take any action to obtain the person's address or locations. If this item is not checked, the court has found good cause not to make this order.

(7) ☐ Other (specify):
☐ Other personal conduct orders are attached at the end of this Order on Attachment 5a(7).

b. Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order. However, you may have your papers served by mail on the petitioner.

**8 Stay-Away Order:**

☐ Not Requested    ☐ Denied Until the Hearing    ☒ Granted as Follows:

a. You must stay at least [ Yes ] yards away from (check all that apply):

(1) ☐ Each protected person listed in ②    (3) ☐ Other (specify):

(2) ☐ For each protected person listed in ②

(a) ☒ The person's workplace;

(b) ☒ The person's home;

(c) ☒ The person's school

(d) ☒ The person's children's school

(e) ☒ The person's children's place of childcare

(f) ☐ The person's vehicle

b. This stay-away order does not prevent you from going to or from your home or place of employment.

**This Is a Court Order.**

Rev. January 1, 2008    **Temporary Restraining Order (CLETS-TWH)**    WV-110, Page 2 of 6
(Workplace Violence Prevention)

Case Number:
5-CV-0058115

**(7.) No Firearms (Guns), Firearm Parts, or Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get any prohibited items listed in b.

b. Prohibited items are:

(1) Firearms (guns);

(2) Firearm parts, meaning receivers, frames, or any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531); and

(3) Ammunition.

c. You must:

(1) Sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts in your immediate possession or control. This must be done within 24 hours of being served with this Order.

(2) File a receipt with the court within 48 hours of receiving this Order that proves that all your firearms (guns) and firearm parts have been turned in, sold, or stored. (You may use *Receipt for Firearms and Firearm Parts* (form WV-800) for the receipt.)

d. ☐ The court has received information that you own or possess a firearm (gun), firearm parts, or ammunition.

**(8.) No Body Armor**

You cannot own, possess, or buy body armor (defined in Penal Code section 16288). You must relinquish any body armor you have in your possession.

**(9.) Other Orders:**

☒ Not Requested    ☐ Denied Until the Hearing    ☐ Granted as Follows *(specify):*

☐ Additional orders are attached at the end of this Order on Attachment 9.

**To the Petitioner:**

**(10.) Mandatory Entry of Order into CARPOS Through CLETS**

This Order must be entered into the California Restraining and Protective Order System (CARPOS) through the California Law Enforcement Telecommunications System (CLETS). *(Check one):*

a. ☐ The clerk will enter this Order and its proof-of-service form into CARPOS.

b. ☐ The clerk will transmit this Order and its proof-of-service form to a law enforcement agency to be entered into CARPOS.

**This is a Court Order.**



Case Number: S0V: 0 0 5 6 1 1 8

**10.** e. ☒ By the close of business on the date that this Order is made, the employer or the employer's lawyer should deliver a copy of the Order and its proof-of-service form to the law enforcement agencies listed below to enter into CARPOS:

| Name of Law Enforcement Agency | Address (City, State, Zip) |
| --- | --- |
| Ventura County Sheriff's Office | Ventura, CA 93009 |
| California Highway Patrol | Sacramento, CA 95811 |

☐ Additional law enforcement agencies are listed at the end of this Order on Attachment 10.

**11. No Fee to Serve (Notify) Restrained Person**    ☐ Ordered    ☒ Not Ordered
The sheriff or marshal will serve this Order without charge because:
a. ☐ The Order is based on a credible threat of violence or stalking.
b. ☐ The petitioner is entitled to a fee waiver.

**12.** Number of pages attached to this Order, if any: ___

Date: _____ SEP 2 3 2025 _____

Judicial Officer
Michael Jacques

**Warnings and Notices to the Restrained Person in ③**

**You Cannot Have Firearms (Guns), Firearm Parts, or Ammunition**
You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get any prohibited items listed in item 7b on page 3 while this Order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer, or turn in to a law enforcement agency, any firearms (guns) and firearm parts that you have or control as stated in item ⑦ above. The court will require you to prove that you did so.

**Notice Regarding Nonappearance at Hearing and Service of Order**
If you have been personally served with this Temporary Restraining Order and form WV-109, *Notice of Court Hearing*, but you do not appear at the hearing either in person or by a lawyer, and a restraining order that is the same as this Temporary Restraining Order except for the expiration date is issued at the hearing, a copy of the order will be served on you by mail at the address in item ③.

If this address is not correct or you wish to verify that the Temporary Restraining Order was converted into a restraining order at the hearing without substantive change, or to find out the duration of the order, contact the clerk of the court.

**This is a Court Order.**

Case Number:
S-CV-0056116

## After You Have Been Served With a Restraining Order

- Obey all the orders. Any intentional violation of this Order is a misdemeanor punishable by a fine or by imprisonment in a county jail, or by both fine and imprisonment. (Pen. Code, § 273.6.)

- Read form WV-120-INFO, *How Can I Respond to a Petition for Orders to Stop Workplace Violence?*, to learn how to respond to this Order.

- If you want to respond, fill out form WV-120, *Response to Petition for Workplace Violence Restraining Orders*, and file it with the court clerk. You do not have to pay any fee to file your response if the petition claims that you threatened violence against or stalked the employee, or placed the employee in reasonable fear of violence.

- You must have a form WV-120 served on the petitioner or the petitioner's attorney by mail. You cannot do this yourself. The person who does the service should complete and sign form WV-250, *Proof of Service of Response by Mail*. File the completed proof of service with the court clerk before the hearing date or bring it with you to the hearing.

- In addition to the response, you may file and have declarations served, signed by you and other persons who have personal knowledge of the facts. You may use form MC-030, *Declaration*, for this purpose. It is available from the clerk's office at the court shown on page 1 of this form or at www.courts.ca.gov/forms. If you do not know how to prepare a declaration, you should see a lawyer.

- Whether or not you file a response, you should attend the hearing. If you have any witnesses, they must also go to the hearing.

- At the hearing, the judge can make restraining orders against you that last for up to three years. Tell the judge why you disagree with the orders requested.

## Instructions for Law Enforcement

### Enforcing the Restraining Order
This order is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Restraining and Protective Orders System (CARPOS). Agencies are encouraged to enter violation messages into CARPOS. If the law enforcement agency has not received proof of service on the restrained person, the agency must advise the restrained person of the terms of the order and then must enforce it. Violations of this order are subject to criminal penalties.

### Start Date and End Date of Orders
This order *starts* on the date next to the judge's signature on page 4. The order *ends* on the expiration date in item ④ on page 1.

### If a Protected Person Contacts the Restrained Person.
Even if a protected person invites or consents to contact with the restrained person, this order remains in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The order can be changed only by another court order. (Pen. Code, § 13710(b).)

## This Is a Court Order.

Case Number:
5-CV-0056116

**Conflicting Orders—Priorities for Enforcement**
If more than one restraining order has been issued protecting a protected person from the restrained person, the orders must be enforced in the following priority (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):

1. *Emergency Protective Order (EPO).* If one of the orders is an *Emergency Protective Order* (form EPO-001), provisions (e.g., stay-away order) that are more restrictive than in the other restraining/protective orders must be enforced. Provisions of another order that do not conflict with the EPO must be enforced.

2. *No-Contact Order.* If a restraining/protective order includes a no-contact order, the no-contact order must be enforced. Item 6a(4) is an example of a no-contact order.

3. *Criminal Protective Order (CPO).* If none of the orders include an EPO or a no-contact order, the most recent CPO must be enforced. (Fam. Code, §§ 6383(h)(2) and 6405(b).) Additionally, a CPO issued in a criminal case involving charges of domestic violence, Penal Code sections 261, 261.5, or former 262, or charges requiring sex offender registration must be enforced over any civil court order. (Pen. Code, § 136.2(e)(2).) All provisions in the civil court order that do not conflict with the CPO must be enforced.

4. *Civil Restraining Orders.* If there is more than one civil restraining order (e.g., domestic violence, juvenile, elder abuse, civil harassment), then the order that was issued last must be enforced. Provisions that do not conflict with the most recent civil restraining order must be enforced.

*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this Temporary Restraining Order is a true and correct copy of the original on file in the court.

Date: SEP 2 4 2025    Clerk, by: _C. Baldock_    , Deputy

C. BALDOCK

This is a Court Order.

Rev. January 1, 2015    Temporary Restraining Order (CLETS-TWH)    WV-110, Page 6 of 8
(Workplace Violence Prevention)

Docusign Envelope ID: 7A85XXEF-3A3E-GEE2...9CECADECDAC

**WV-100**  **Petition for Workplace Violence Restraining Orders**

Read *How Do I Get an Order to Prohibit Workplace Violence* (form WV-100-INFO) before completing this form. NOTE: Petitioner must be an employer with standing to bring this action under Code of Civil Procedure section 527.8. Also fill out *Confidential CLETS Information* (form CLETS-001) with as much information as you know.

**(1) Petitioner (Employer or Collective Bargaining Representative)**

a. Name: Captain John J. Sax Family Foundation

   is a ☒ Employer
   ☐ Collective Bargaining Representative
   Specify union:

   and is filing this suit on behalf of the employee identified in item ②

b. Lawyer for Petitioner *(if any for this case)*
   Name: Travis W. Thompson    State Bar No.: 309106

   Firm Name: FENNEMORE LLP

Petitioner's Address *(if the petitioner has a lawyer, give the lawyer's information.)*

c. Address: 2185 N. California Blvd., Suite 240
   City: Walnut Creek    State: CA Zip: 94596

   Telephone: (510) 834-6600    Fax: (510) 834-1928
   Email Address: tthompson@fennemorelaw.com

---

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

SEP 23 2025

JAKE CHATTERS    BB
EXECUTIVE OFFICER & CLERK
By: B. Baldock, Deputy

*Fill in court name and street address:*

Superior Court of California, County of Placer
10820 Justice Center Drive
Roseville, CA 95678

*Court fills in case number when form is filed.*

Case Number:
**S-CV-0056118**

---

**(2) Employee Who Suffered Harassment, Violence, or Threat of Violence**

Full Name: Stephen Louis Sax

Gender: ☒ M  ☐ F  ☐ Nonbinary  Age: 65

Workplace Address: 201 Wesley Ct.

City: Roseville    State: CA    Zip: 95661

☐ This employee declines to be named in any restraining order issued as a result of this petition.

☐ Additional employees suffered harassment, violence, or a threat of violence. Those employees, and whether they decline to be named in any restraining order issued as a result of this petition, are listed in Attachment 2.

**(3) Respondent (Person From Whom Protection Is Sought)**

Full Name: Natalie Aghavni Panossian-Bassler    Age: 50

Address: *(if known)*: 4391 Clearwood Road

City: Moorpark    State: CA    Zip: 93021

**(4) Protected Persons Not Listed in ②**

a. Are you asking for protection for any family or household members of the employee or for any other employees at the employee's workplace or at other workplaces of the petitioner?

   ☒ Yes ☐ No    *(If yes, list them):*

| Full Name | Gender | Age | Household Member? | Relationship to Employee |
|---|---|---|---|---|
| Deborah Ann Sax | F | 67 | ☐ Yes ☒ No | Board Member |
| Scott Matthew Livingston | M | 52 | ☐ Yes ☒ No | Volunteer Treasurer |

☐ Additional protected persons are listed in Attachment 4a.

**This is not a Court Order.**

---

Judicial Council of California, www.courts.ca.gov
Rev. January 1, 2022, Mandatory Form    **Petition for Workplace Violence Restraining Orders**    WV-100, Page 1 of 6
Code of Civil Procedure, §§ 527.8 and 527.9    (Workplace Violence Prevention) →

BY FAX

Case Number:

**④ b. Why do these people need protection?** *(Explain)*
☐ Response is stated in Attachment 4b.
The persons need protection because they have suffered severe emotional distress from Respondent's actions and a great or irreparable harm would result to the persons if the order is not issued.

**⑤ Relationship of Employee and Respondent**
a. How does the employee know the respondent? *(Describe)*   ☐ Response is stated in Attachment 5a.
The Respondent is a former volunteer with the Captain John J. Sax Family Foundation ("Petitioner").

b. Respondent: ☐ is   ☒ is not   a current employee of petitioner. *(Explain any decision to retain, terminate, or otherwise discipline the respondent)*   ☐ Response is stated in Attachment 5b.

**⑥ Venue**
Why are you filing in this county? *(Check all that apply)*
a. ☐ The respondent lives in this county.
b. ☒ The respondent has caused physical or emotional injury to the petitioner's employee in this county.
c. ☐ Other *(specify)*:

**⑦ Other Court Cases**
a. Has the employee or any of the persons named in ④ been involved in another court case with the respondent?
☒ No   ☐ Yes   *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | Filed in *(County/State)* | Year Filed | Case Number *(If known)* |
|---|---|---|---|
| (1) ☐ Workplace Violence | | | |
| (2) ☐ Civil Harassment | | | |
| (3) ☐ Domestic Violence | | | |
| (4) ☐ Divorce, Nullity, Legal Separation | | | |
| (5) ☐ Paternity, Parentage, Child Support | | | |
| (6) ☐ Eviction | | | |
| (7) ☐ Guardianship | | | |
| (8) ☐ Small Claims | | | |
| (9) ☐ Postsecondary School Violence | | | |
| (10) ☐ Criminal | | | |
| (11) ☐ Other *(specify)*: | | | |

b. Are any restraining orders or criminal protective orders now in effect relating to the employee or any of the persons in ④ and the respondent?   ☒ No   ☐ Yes   *(If yes, attach a copy if you have one.)*

**This is not a Court Order.**

DocuSign Envelope ID: 7A8805EF-3A2B4EF2-85B5-FDCECA040BA6

| Case Number: |
|---|

**8 Description of Respondent's Conduct**

a. Respondent has *(check one or more)*:

(1) ☐ Assaulted, battered, or stalked the employee.

(2) ☐ Made a credible threat of violence against the employee by making knowing or willful statements or engaging in a course of conduct that would place a reasonable person in fear for his or her safety or the safety of his or her immediate family.

(3) ☒ Engaged in a course of conduct that seriously alarmed, annoyed, or harassed the employee and caused the employee substantial emotional distress. *(A course of conduct is more than one act.)*

b. One or more of these acts *(check either or both)*:

(1) ☒ Took place at the employee's workplace.

(2) ☒ Can reasonably be construed to be carried out in the future at the employee's workplace.
Stephen Sax (201 Wesley Ct. Roseville, CA 95661 or 400 Ballpark Drive, West Sacramento, CA 95691; Scott Livingston (11 Cernon Street, Vacaville, CA 95688; Deborah Sax (9477 Treelake Road, Granite Bay, CA 95746; 2241 Douglas Blvd., Suite 100, Roseville, CA 95661)
Address of workplace:

c. Describe what happened: *(Provide details, include the dates of all incidents beginning with the most recent, tell who did what to whom, identify any witnesses):*

☒ Response is stated in Attachment 8c.
See Attachment 8c.

d. Was the employee harmed or injured?   ☒ Yes  ☐ No   *(If yes, describe harm or injuries):*

☐ Response is stated in Attachment 8d.
Yes, Respondent's harassing actions have caused Petitioner's board members and volunteer Treasurer severe emotional distress because they are afraid of actual physical, financial, and reputational harm from Respondent.

e. Did the respondent use or threaten to use a gun or any other weapon?   ☐ Yes  ☒ No   *(If yes, describe):*

☐ Response is stated in Attachment 8e.

**This is not a Court Order.**

Case Number:

8. f. For any of the incidents described above, did the police come?  ☐ Yes ☒ No ☐ I don't know

If yes, did the employee or the respondent receive an Emergency Protective Order?
☐ Yes ☐ No ☐ I don't know

If yes, the order protects *(check all that apply)*:
☐ the employee    ☐ the respondent    ☐ one or more of the persons in ④

*(Attach a copy of the order if you have one.)*

**Check the orders you want** ☑

9. ☒ **Personal Conduct Orders**

I ask the court to order the respondent not to do any of the following things to the employee or to any person to be protected listed in ④

a. ☒ Harass, intimidate, molest, attack, strike, stalk, threaten, assault (sexually or otherwise), hit, abuse, destroy personal property of, or disturb the peace of the person.

b. ☒ Commit acts of unlawful violence on or make threats of violence to the person.

c. ☒ Follow or stalk the person during work hours or to or from the place of work.

d. ☒ Contact the person, either directly or indirectly, by any means, including, but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by email, by text message, by fax, or by other electronic means.

e. ☒ Enter the person's workplace.

f. ☐ Other *(specify)*:
    ☐ As stated in Attachment 9f.

*The respondent will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

10. ☒ **Stay-Away Orders**

a. I ask the court to order the respondent to stay at least _____300_____ yards away from *(check all that apply)*:

(1) ☒ The employee.
(2) ☒ The other persons listed in ④
(3) ☒ The employee's workplace.
(4) ☒ The employee's home.
(5) ☐ The employee's school.
(6) ☐ The school of the employee's children.
(7) ☐ The place of child care of the employee's children.

(8) ☒ The employee's vehicle.
(9) ☐ Other *(specify)*:

**This is not a Court Order.**

Docusign Envelope ID: 7A8506EF-3A3B-4EE2-85D8-F0CECA04CBA6

| Case Number: |
|---|

**(10)** b. If the court orders the respondent to stay away from all the places listed above, will he or she still be able to get to his or her home, school, or job?     ☒ Yes ☐ No    *(If no, explain):*

☐ Response is stated on Attachment 10b.

**(11) Firearm (Guns), Firearm Parts, and Ammunition**

Does the respondent own or possess any firearms (guns), firearm parts, or ammunition? This includes firearm receivers and frames, and any item that may be used as or easily turned into a receiver or frame (see Penal Code section 16531).

☐ Yes ☐ No ☒    I don't know

*If the judge grants a protective order, the respondent will be prohibited from owning, possessing, purchasing, receiving, or attempting to purchase or receive firearms (guns), firearm parts, and ammunition while the protective order is in effect. The respondent will also be ordered to turn in to law enforcement, or sell to or store with a licensed gun dealer, any firearms (guns) and firearm parts within his or her immediate possession or control. If an order is granted, the respondent will also be prohibited from owning, possessing, or buying body armor and would have to relinquish any they have.*

**(12) ☒ Temporary Restraining Order**

I request that a Temporary Restraining Order (TRO) be issued against the respondent to last until the hearing. I am presenting form WV-110, *Temporary Restraining Order*, for the court's signature together with this Petition.

Has the respondent been told that you were going to go to court to seek a TRO against him or her?
☐ Yes ☒ No        *(If you answered no, explain why below):*

☐ Reasons are stated in Attachment 12.

Petitioner and its Board Members listed in Section 2 and Section 4 are genuinely afraid for their safety and the Respondent's reaction if they attempt to contact Respondent, or her counsel. Petitioner, by and through counsel, has presented multiple demand letters to Respondent to stop contacting Petitioner and its volunteers directly. Petitioner's efforts have been futile, and Respondent continues to contact Petitioner, its volunteers, and the other employers of the volunteers in a harassing and harmful way.

**(13) ☐ Request for Less Than Five Days' Notice of Hearing**

*You must have your papers personally served on the respondent at least five days before the hearing, unless the court orders a shorter time for service. (Form WV-200-INFO explains what is proof of personal service. Form WV-200, Proof of Personal Service, may be used to show the court that the papers have been served.)*

If you want there to be fewer than five days between service and the hearing, explain why:

☐ Reasons are stated in Attachment 13.

**This is not a Court Order.**

Case Number:

**(14) ☐ No Fee for Filing**

I ask that there be no filing fee because the respondent has threatened violence against the employee, or stalked the employee, or acted or spoken in a manner that has placed the employee in reasonable fear of violence.

**(15) ☐ No Fee to Serve Orders**

I ask the court to order the sheriff or marshal to serve the respondent with the others for free because this request for orders is based on a credible threat of violence or stalking.

**(16) ☒ Court Costs**

I ask the court to order the respondent to pay my court costs.

**(17) ☐ Additional Orders Requested**

I ask the court to make the following additional orders *(specify)*:

☐ Additional orders requested are stated in Attachment 17.

**(18) Number of pages attached to this form, if any:** _____

Date: September 22, 2025 _____

Travis W. Thompson
_____
*Lawyer's name (if any)*                              *Lawyer's signature*

I declare under penalty of perjury under the laws of the State of California that the information above and on all attachments is true and correct.

Date: September 22, 2025 _____

Captain John J. Sax Family Foundation
_____
*Name of petitioner*

Stephen Sax, President _____
_____
*Title*

Docusigned by:
*STEVE SAX*
EB3B70354B342C...
*Signature*

**This is not a Court Order.**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Captain John J. Sax Family Foundation v. Panossian-Bassler | |

ATTACHMENT (Number): 8c

(This Attachment may be used with any Judicial Council form.)

"There's no tragedy in life like the death of a child. Things never get back to the way they were."
Dwight D. Eisenhower

In June 2022, Marine Captain John J. Sax was killed when his military aircraft crashed near San Diego. His parents, Stephen and Deborah Sax, were devastated. Now Gold Star family members, the death of their son caused unbearable grief, sadness, and heartache. To put good back into the world and honor their son's legacy and love for aviation, Stephen and Deborah Sax started the Captain John J. Sax Family Foundation ("Petitioner"). (See Declarations of Stephen Sax and Deborah Sax).

In 2023, Stephen Sax was contacted by Natalie Panossian-Bassler ("Respondent") to help with Petitioner's mission. Respondent is a California attorney but Petitioner did not know Respondent had been listed as a Vexatious Litigant by the California Courts (Case No. SWD1700586). Petitioner agreed to accept Respondent's help, and at first the relationship was cordial and professional. Then, on or around September 2024, Respondent started to send threatening and harassing emails to board members for Petitioner. Many of Respondent's emails and communications had inappropriate references to religion and God, which caused Stephen and Deborah Sax substantial emotional distress, especially after the death of their son. As a result of Respondent's conduct, Petitioner hired an attorney to interface with the Respondent, but Respondent continued to contact board members for Petitioner directly. Even after many repeated attempts to get Respondent to stop contacting board members directly, and appealing to Respondent's duties as a lawyer in California, Respondent continues her harassing communications to this day. (See Declarations of Stephen Sax and Deborah Sax).

Since September 2024, Respondent has threatened litigation against the Petitioner and its board members. Respondent has sent continuous, substantial, and harassing communications to Petitioner and its board members. Respondent has contacted the "paying employers" and professional associations of Petitioner's board members to threaten litigation, but the Respondent has never filed a lawsuit against the Petitioner. (See Declarations of Stephen Sax and Deborah Sax).

On March 22, 2025, March 27, 2025, and June 4, 2025, Respondent mailed Stephen Sax packages that he did not open. He did not open the packages because Respondent's harassing communications and actions made him afraid for his personal safety and health, and he was uncertain about what Respondent put in the packages. (See Declaration of Stephen Sax).

On July 1, 2025 and July 10, 2025, Respondent contacted Petitioner's volunteer Treasurer Scott Livingston using his Travis Credit Union email and voice mail, alleging unsubstantiated allegations of fraud and threatening a lawsuit. (See Declaration of Scott Livingston).

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 2

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Captain John J. Sax Family Foundation v. Panossian-Bassler | |

ATTACHMENT (Number): __8c__

*(This Attachment may be used with any Judicial Council form.)*

On July 8, 2025, Petitioner's counsel sent Respondent and her counsel a Cease and Desist Letter informing her that Petitioner, officers, board members, and employees are afraid for their safety because of Respondent's actions. (See Declaration of Stephen Sax).

On July 13, 2025, Respondent contacted Deborah Sax's paid employer by email with unsubstantiated allegations of fraud and threatening a lawsuit. Respondent also told Deborah's paid employer that she filed a complaint against Deborah with the California Department of Real Estate. (See Declaration of Deborah Sax).

On or around August 25, 2025, Respondent contacted the governing association of Stephen Sax's paid employer by telephone with unsubstantiated allegations that Petitioner committed fraud and Respondent was in the process of filing a lawsuit. On August 27, 2025, my paid employer informed Stephen Sax about Respondent's telephone call to the governing association. Respondent has threatened Petitioner and affiliates with lawsuits but never files one. (See Declaration of Stephen Sax).

Respondent's knowing and willful course of conduct directed at Petitioner's board member Stephen Sax is alarming, annoying, and harassing - serves no legitimate purpose - and has caused Stephen severe emotional distress. Stephen Sax is afraid of the physical harm that Respondent may inflict from sending his packages by mail; and he is afraid of the harm to his livelihood and professional reputation caused by Respondent's actions by contacting his paid employer and governing association with unsubstantiated allegations. (See Declaration of Stephen Sax).

Respondent's knowing and willful course of conduct directed at Petitioner's board member Deborah Sax is alarming, annoying, and harassing - serves no legitimate purpose - and has caused Deborah severe emotional distress. Deborah Sax is afraid of the harm to her livelihood and professional reputation caused by Respondent's actions by contacting her employers and governing association with unsubstantiated allegations. (See Declaration of Deborah Sax).

Respondent's knowing and willful course of conduct directed at Petitioner's volunteer Treasurer Scott Livingston is alarming, annoying, and harassing - serves no legitimate purpose - and has caused Scott severe emotional distress. Scott is afraid of the imminent harm to his livelihood and professional reputation if Respondent contacts his paying employer, Travis Credit Union, and disparages him with unsubstantiated allegations. (See Declaration of Scott Livingston).

Irreparable harm will result to Petitioner's board members and volunteer Treasurer if the restraining order is not issued due to the reasonable probability that Respondent's harassment will occur in the future.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __2__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-031

| PLAINTIFF/PETITIONER: Captain John J. Sax Family Foundation | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Natalie Aghavani Panossian-Bassler | |

## DECLARATION

*(This form must be attached to another form or court paper before it can be filed in court.)*

(Page 1 of 2)

I, Stephen Louis Sax, declare as follows:

1.) My date of birth is January 29, 1960.

2.) My mailing address is 201 Wesley Court, Roseville, CA 95661, located in Placer County.

3.) I am a volunteer Board Member for the Captain John J. Sax Family Foundation ("Petitioner").

4.) I am the father of Marine Captain John J. Sax, who tragically died in June 2022 near San Diego when his military aircraft crashed. As a member of a Gold Star family, the death of my son has caused me unbearable grief, sadness, and heartache. My ex-wife Deborah Sax and I started the Petitioner to preserve my son's legacy for those who also had a love for aviation.

5.) In 2023, Respondent contacted me and asked to help with Petitioner's mission. Petitioner agreed and at first the relationship was cordial and professional. Then, on or around September 2024, Respondent started to send threatening and harassing emails to board members for the Petitioner. I learned that many of Respondent's emails and communications had inappropriate references to religion and God, which caused me substantial emotional distress, especially after the death of my son. As a result of Respondent's conduct, Petitioner hired an attorney to interface with the Respondent, but Respondent continued to contact board members for Petitioner directly. Even after many repeated attempts to get Respondent to stop contacting board members directly, and appealing to Respondent's duties as a lawyer in California, Respondent continues her harassing communications to this day.

6.) On or around August 25, 2025, Respondent contacted the governing association of my paid employer by telephone with unsubstantiated allegations that Petitioner committed fraud and Respondent was in the process of filing a lawsuit. On August 27, 2025, my paid employer informed me about Respondent's telephone call to the governing association. Respondent has threatened Petitioner and affiliates with lawsuits but never files one.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 22, 2025

| Stephen Louis Sax | STEVE SAX |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

☐ Attorney for  ☐ Plaintiff  ☑ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other *(Specify):*

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

Docusign Envelope ID: B7A4E71A-8F95-4B7E-A4F8-E66FDE72ACE1
Case 2:26-cv-01290-HDV-AGR    Document 37-3    Filed 03/02/26    Page 22 of 22    Page ID #:224

MC-031

| PLAINTIFF/PETITIONER: Captain John J. Sax Family Foundation | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Natalie Aghavani Panossian-Bassler | |

## DECLARATION

(This form must be attached to another form or court paper before it can be filed in court.)

(Page 2 of 2)

I, Stephen Louis Sax, declare as follows:

7.) I am informed and believe that Respondent has been listed as a Vexatious Litigant by the California Courts (Case No. SWD1700586). I am informed and believe that Respondent is an attorney in the State of California.

8.) I am informed and believe Respondent has threatened litigation against the Petitioner and its board members since mid-2024. Attached hereto as Exhibit A is a list and evidence of Respondent's continuous, substantial, and harassing communications to Petitioner and its board members. I know Respondent has contacted the "paying employers" and professional associations of Petitioner's board members to threaten litigation against the Petitioner and its board members.

9.) On March 22, 2025, March 27, 2025, and June 4, 2025, Respondent mailed me packages that I did not open. I did not open the packages because Respondent's harassing communications and actions made me afraid for my personal safety and health, and I was uncertain about what Respondent put in the packages. Pictures of the packages are included herein as Exhibit A-I.

10.) On July 8, 2025, Petitioner's counsel sent Respondent and her counsel a Cease and Desist Letter informing her that Petitioner, officers, board members, and employees are afraid for their safety because of Respondent's actions. A copy of the Cease and Desist letter is included herein as Exhibit A-2.

11.) Respondent's pattern of harassing conduct has caused me substantial emotional distress because I am now afraid of the physical harm that Respondent may inflict from sending me packages, and I am now afraid of the harm to my livelihood and professional reputation caused by Respondent's actions by contacting my paid employer and governing association with unsubstantiated allegations of fraud.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 22, 2025

Stephen Louis Sax
(TYPE OR PRINT NAME)

(SIGNATURE OF DECLARANT)

☐ Attorney for  ☐ Plaintiff  ☑ Petitioner  ☐ Defendant
☐ Respondent  ☐ Other (Specify):

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev. July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1